1
2
3
4
5
6
7
8

CENTER FOR DISABILITY ACCESS
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Mary Melton, Esq., SBN 164407
Dennis Price, Esq., SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson,**<br><br>    Plaintiff,<br><br>  v.<br><br>**Tom L. Hall,** in individual and representative capacity as trustee;<br>**Eleane Hall,** in individual and representative capacity as trustee; and Does 1-10,<br><br>    Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

12
13
14
15
16
17
18
19
20
21
22
23

Plaintiff Scott Johnson complains of Defendants Tom L. Hall, in individual and representative capacity as trustee; Eleane Hall, in individual and representative capacity as trustee; and Does 1-10 ("Defendants"), and alleges as follows:

24
25

**PARTIES:**

26
27
28

1. Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially

Complaint

equipped van.

2.   Defendant Tom L. Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in July 2016.

3.   Defendant Tom L. Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in August 2016.

4.   Defendant Tom L. Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in September 2016.

5.   Defendant Tom L. Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in October 2016.

6.   Defendant Tom L. Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in November 2016.

7.   Defendant Tom L. Hall, in individual and representative capacity as trustee, owns the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, currently.

8.   Defendant Eleane Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in July 2016.

9.   Defendant Eleane Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in August 2016.

10. Defendant Eleane Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in September 2016.

Complaint

11. Defendant Eleane Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in October 2016.

12. Defendant Eleane Hall, in individual and representative capacity as trustee, owned the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, in November 2016.

13. Defendant Eleane Hall, in individual and representative capacity as trustee, owns the real property located at or about 19300 Stevens Creek Blvd., Cupertino, California, currently.

14. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

15. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

16. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

Complaint

17. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

18. Plaintiff has gone to the Property on a number of occasions during the relevant statutory period, including July 2016, August 2016, September 2016, October and November 2016. Plaintiff went to the property to bank at Citibank.

19. Citibank is a facility open to the public, a place of public accommodation, and a business establishment.

20. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of Citibank.

21. Unfortunately, although parking spaces were one of the facilities specifically reserved for patrons, there were no compliant accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines during plaintiff's visits.

22. The parking stalls and access aisle were not level with each other.

23. The parking spaces and access aisle had slopes greater than 2.1%.

24. The Defendants had no policy or plan in place to make sure that the parking spaces reserved for persons with disabilities remained useable prior to plaintiff's visits.

25. Currently, Defendants fail to maintain these parking spaces in compliance with the Americans with Disabilities Act Accessibility Guidelines.

26. Currently, the parking stalls and access aisle are not level.

27. Currently, the slopes are greater than 2.1%.

28. Currently, the Defendants have no policy or plan in place to make sure that the parking spaces reserved for persons with disabilities remain useable.

Complaint

29. The barriers existed during each of plaintiff's visits in 2016.

30. Plaintiff encountered the barriers.

31. The plaintiff frequents the Cupertino area and has visited there on scores of occasions during the past two years. He went inside Citibank in July 2016 and October 2016. He visited Citibank on five other occasions but was deterred from going inside.

32. Plaintiff visited the Property twice in July 2016.

33. Plaintiff visited the Property twice in August 2016.

34. Plaintiff visited the Property once in September 2016.

35. Plaintiff visited the Property once in October 2016.

36. Plaintiff visited the Property once in November 2016.

37. These barriers caused Plaintiff difficulty and frustration.

38. Plaintiff would like to return and patronize the Property but will be deterred from visiting until the defendants cure the violations.

39. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

40. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

41. Plaintiff is and has been deterred from returning and patronizing Citibank because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize Citibank as a customer once the barriers are removed.

42. Given the obvious and blatant violation, the plaintiff alleges, on

Complaint

information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

43. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

44. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

45. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.  A failure to make reasonable modifications in policies, practices,

Complaint

or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

46. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.3. Here, the access aisle is not level and has a ramp taking up part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. *Id.* No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

47. Here, the failure to provide level parking is a violation of the law.

Complaint

48. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

49. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

50. Given its location and options, plaintiff will continue to desire to patronize Citibank but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

51. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

52. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

53. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

54. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest frustration and physical personal injury greater than the amount of the statutory damages.

Complaint

1    **PRAYER**:

2    Wherefore, Plaintiff prays that this Court award damages and provide

3    relief as follows:

4    1. For injunctive relief, compelling Defendants to comply with the

5    Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

6    plaintiff is not invoking section 55 of the California Civil Code and is not

7    seeking injunctive relief under the Disabled Persons Act at all.

8    2. Damages under the Unruh Civil Rights Act, which provides for actual

9    damages and a statutory minimum of $4,000.

10    3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

11    to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

12

13    Dated: April 21, 2017          CENTER FOR DISABILITY ACCESS

14

15                                    By: _____

16                                    Russell Handy, Esq.
                                     Attorney for plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

9